UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| RANIF CO., d/b/a INVISIBLE DEFENDER, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:20-CV-3567-X |
| PHYSICIAN WELLNESS GROUP, et al., | § § § | |
| *Defendants.* | § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are five motions for summary judgment.  [Doc. Nos. 33, 34, 35, 36, and 37].   Plaintiff filed no responses to theses motions.   After careful consideration, and for the reasons below, the Court **GRANTS** all five motions.

## I.      Factual Background

In its simplest form, this case involves a breach of contract between Ranif Co. ("Ranif") and Physician Wellness Group ("PWG").  Ranif alleges that it agreed to pay PWG for delivering medical gowns within a certain timeframe and that PWG failed to deliver the gowns.  In addition to PWG, Ranif also asserted claims against entity defendants Jareou Holding, LLC ("JH") and NuVerus USA, Inc. ("NuVerus"), and individual defendants Michael Jareou, Francisco Zangerolame, and Curtis Cruz.

Ranif claims that "at all relevant times" the defendants "were the agents, employees, supervisors, servants[,] and joint venturers of each other," and that

"[e]ach Defendant is the alter ego of one or more co-Defendants."[1]  Each of these five defendants filed a motion for summary judgment asserting that it was not involved in the complained-of conduct and was not an alter ego of any other defendant, and that piercing the corporate veil was unwarranted under the circumstances. Additionally, each of these motions contained an affidavit averring the defendant's lack of involvement.

Ranif did not respond to any of the motions for summary judgment.

## II.    Legal Standard

District courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]  "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

## III.    Analysis

### A. NuVerus

Ranif alleges that NuVerus is an "alter ego" of PWG.[4]  Ranif's complaint, despite containing this allegation, fails to present any information sufficiently linking NuVerus to PWG.  In NuVerus's motion for summary judgment, NuVerus put forth evidence demonstrating that it is not related to the other defendants and did not

---

[1] Doc. No. 21 at 3.

[2] FED. R. CIV. PROC. 56(a).

[3] *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (cleaned up).

[4] Doc No. 21 at 2.

participate in the unlawful conduct Ranif alleges.[5]  Specifically, the CEO of NuVerus, defendant Michael Jareou, stated in an affidavit that "NuVerus is not an owner, operator, [or] investor" for PWG and "is not an owner, operator, investor, [or] alter ego" for JH.[6]  Ranif failed to respond to this evidentiary portion of the motion for summary judgment and therefore fails to demonstrate that there is a genuine dispute of material fact.

Ranif further failed to provide evidence that NuVerus is an alter ego of PWG, as well as evidence that, if NuVerus were an alter ego of PWG, it utilized its alter ego status to perpetuate actual fraud for its own benefit.  Under the alter ego doctrine, "courts disregard the corporate entity when there exists such unity between corporation and individual that the corporation ceases to be separate and when holding only the corporation liable would promote injustice."[7]  Generally, the alter ego doctrine applies when a party seeks to hold an individual or entity liable for the obligations of a corporation in which the individual or entity owns stock.[8]  A party may demonstrate alter ego by:

> [D]emonstrating several factors such as: (1) the payment of alleged corporate debts with personal checks or other commingling of funds; (2) representations that the individual will financially back the corporation; (3) the diversion of company profits to the individual for his or her personal use; (4) inadequate capitalization; (5) whether the

---

[5] *See* Doc No. 37; Doc. No. 37-1.

[6] Doc. No. 37-1 at 1.

[7] *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 228 (Tex. 1990).  The Court must apply Texas state substantive law in this action brought under its diversity jurisdiction.  *See, e.g.*, *United States v. Lothringer*, No. 20-50823, 2021 WL 4714609, at *1 (5th Cir. Oct. 8, 2021) (per curiam) (applying *Mancorp* to determine whether "alter ego" status applied).

[8] *See Zahra Spiritual Tr. v. United States*, 910 F.2d 240, 245–46 (5th Cir. 1990).

corporation has been used for personal purposes; and (6) other failure to keep corporate and personal assets separate.[9]

In its pleadings, Ranif fails to allege anything substantive that would demonstrate how NuVerus is an alter ego of PWG. NuVerus, however, provides in its motion for summary judgment multiple reasons why it is not an alter ego and why it could not be held liable even if it were an alter ego. The Court accepts NuVerus's reasoning. Specifically, the Court agrees that Ranif does not demonstrate evidence of abuse, dishonesty of purpose, or intent to deceive between NuVerus and PWG because NuVerus was not involved in the transactions in dispute. The Court sees no genuine dispute of material fact over NuVerus's status as an alter ego.

The Court **GRANTS** summary judgment for NuVerus.

### B. JH

Ranif also failed to show any genuine dispute of material fact exists over its "belief" that JH is the "owner, operator, and investor" in, as well as an "alter ego" of, defendants PWG and NuVerus.[10] Accordingly, Ranif's failure to respond to JH's motion for summary judgment and accompanying affidavit is fatal to its claims against JH.

Furthermore, as with its NuVerus analysis for alter ego, Ranif provides nothing substantive—either factually or legally—to show that JH is an alter ego of PWG. JH, however, provides evidence—both factual and legal—to demonstrate that

---

[9] *In re Cyr*, 838 F. App'x 54, 62–63 (5th Cir. 2020).

[10] Doc. No. 21 at 2.

there is no genuine dispute of material fact.  Especially in light of Ranif's failure to respond, the Court accepts JH's reasoning.

The Court **GRANTS** summary judgment for JH.

### C. Curtis Cruz

According to the facts and affidavits before the Court, Curtis Cruz never acted in his personal capacity regarding the facts in dispute in this lawsuit; instead, he exclusively worked for PWG as a consultant.[11]  Furthermore, Ranif cannot pierce PWG's corporate veil because there is no evidence showing that Cruz is an alter ego of PWG.[12]  Ranif pled no facts to demonstrate that Cruz is an alter ego, and it did not respond to Cruz's motion for summary judgment that presented facts to demonstrate otherwise.  Considering the dearth of information in Ranif's complaint and the subsequent failure to respond to the motions for summary judgment, it is clear that there is no genuine dispute of material fact regarding Cruz's involvement.

The Court **GRANTS** summary judgment for Curtis Cruz.

### D. Francisco Zangerolame

Like Curtis Cruz, Zangerolame claims he never acted in his personal capacity and solely represented PWG and NuVerus as a contractor.[13]  Zangerolame provided a brief and an attached affidavit to the Court to show the nature of his involvement, and Ranif offered nothing to contradict this.  There is no genuine dispute of material

---

[11] Doc. No. 33 at 2–4, 33-1 at 1.

[12] *See* Doc. No. 33 at 4–8.

[13] Doc. No. 34 at 2–4.

fact here.  Furthermore, Ranif cannot pierce the corporate veil to reach Zangerolame because no evidence shows that Zangerolame is an alter ego of PWG or NuVerus. Zangerolame showed that he worked as a contractor and never used PWG or NuVerus for illegal purposes.[14]  Ranif did not respond to this motion for summary judgment, making it clear that there is no genuine dispute of material fact regarding Zangerolame's involvement.

The Court **GRANTS** summary judgment for Francisco Zangerolame.

### E.  Michael Jareou

Finally, similar to both Cruz and Zangerolame, Jareou alleges he did not act in his personal capacity in his representation of PWG as it its owner.[15]  In his motion for summary judgment and attached affidavit, Jareou provides facts to demonstrate he never worked in his personal capacity,[16] and Ranif provides no facts to contest them.  The Court sees no genuine dispute of material fact here.  Additionally, Ranif cannot pierce the corporate veil to get to Jareou personally because he is not an alter ego of PWG nor is he using PWG for illegal purposes.  The Court finds no genuine dispute of material fact over Jareou's personal involvement or his potential liability as an alter ego.

The Court **GRANTS** summary judgment for Michael Jareou.

### VI.   Conclusion

---

[14] *Id.* at 5–8.

[15] Doc. No. 36 at 3–4.

[16] Doc. No. 36 at 4–8, 36-1.

The standard for a claim to survive a motion for summary judgment is clear: a demonstration of a genuine dispute of material fact.  All five motions for summary judgment appeared to show there was no genuine dispute of material fact, and Ranif did nothing to show that there was.  Therefore, the Court **GRANTS** all five motions for summary judgment.

**IT IS SO ORDERED** this 16th day of November, 2022.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE